

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1249
Re: Whether per diem appro-
priation to members of the
Board of Education will
include expenses.

We received your letter of August 7, 1939, directing our attention to the following:

The biennial appropriation for the Investment Division of the Board of Education by the 46th Legislature as presented to the Governor was as follows:

"BOARD OF EDUCATION

| "Investment Division | For the Years Ending August 31, 1940 | August 31, 1941 |
|---|---|---|
| "Salaries: | | |
| 1. Board Members - per diem . . . . . | $ 6,000.00 | $ 6,000.00 |
| 2. Investment Statistician (full time) | 3,500.00 | 3,600.00 |
| 3. Auditor . . . . . . . . . . . . . | 2,400.00 | 2,400.00 |
| 4. Statistician . . . . . . . . . . . | 1,800.00 | 1,800.00 |
| 5. Traveling Expense . . . . . . . . . | 500.00 | 500.00 |
| 6. Stamps, Stationery and Contingent Expense . . . . . . . . . . . . . | 1,000.00 | 1,000.00 |
| Investment Section Total | $ 15,300.00 | $ 15,300.00" |

In the exercise of his veto power, the Governor drew lines through items Nos. 4 and 5 of such appropriation. You request our opinion as to whether the members of the Board of Education will be

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

authorized to charge their traveling expense accounts against the appropriation of $6,000.00 made for "Board Members--per diem."

In the rider appended to the general appropriation bill, which is Senate Bill No. 427 by the 46th Legislature, we find the following:

"Traveling expenses. (a) It is provided that no expenditure shall be made for traveling expenses by any department of this State in excess of the amount of money itemized herein for said purpose. This provision shall be applicable whether the item for traveling expenses is to be paid out of the appropriation from the General Fund, from fees, receipts or special funds collected by virtue of certain laws of this State, or from other funds (exclusive of Federal funds) available for use by a department."

It is well settled that when the compensation of an officer is left to construction it must be most favorably construed in favor of the government. Eastland County vs. Hazel, 288 S. W. 518; Burke vs. Bexar County, 271 S. W. 132; McLennan County v. Boggess, 137 S. W. 346; 34 Tex. Jur. p. 508. As said by the Supreme Court of South Carolina in Scroggie vs. Scarborough, 160 S. E. 596, "Generally the term 'per diem' as used in connection with compensation, wages or salary means pay for a day's services." We quote from Peay v. Nolan, 7 S. W. (2d) 815, by the Supreme Court of Tennessee:

"The term 'per diem' as used in Article 2, Section 23, is synonymous with 'salary.' The term 'salary' imports the idea of compensation for personal service, and not the repayment of money expended in the discharge of the duties of the office. Throop, Public Officers, 441."

We have inspected the corresponding appropriation made to the Board of Education in 1935 as shown at page 1097, Volume 2, Acts of the 44th Legislature. The appropriation there was "per diem and expenses, including surveys . . . $6,000.00" for each year of the biennium. The appropriation made by the 45th Legislature in 1937 as shown at page 1418, General and Special Laws, 45th Legislature, was "per diem and expenses . . .$6,000.00" for each year. It has been suggested to us that in all probability the words "and expenses" were left out of the present appropriation by accident. We are not at liberty to so assume but, on the contrary, must ascribe to the Legislature some purpose in leaving out such words. The fact

that Article 2675b-10, Revised Civil Statutes, provides that the members of the State Board of Education shall be paid $10.00 per day when in actual attendance upon board meetings and shall be entitled to actual traveling and other necessary expenses incurred in the discharge of their duties does not dispense with the necessity of having an appropriation before either such compensation or expenses may be paid by the State. Art. 8, Sec. 6, Constitution of Texas; Lightfoot vs. Lane, 140 S. W. 89; Linden vs. Finley, 49 S. W. 578. We quote from the opinion of Justice Gaines in the latter case as follows:

"There is nothing in the constitution which prohibits the legislature from limiting any appropriation by any apt words expressive of their intent. Should they even fail to appropriate a salary fixed by the constitution, the officer affected by it is without remedy before the courts. . . It would seem that, when the legislature is of opinion that the compensation fixed by law for the services of an officer is excessive, they should amend the law and reduce it, but that, until so reduced, they should make appropriation for the compensation which the law provides. But, should they fail to do this, it is simply a case in which the officer has a legal right, but no remedy, except an application to another legislature. Under our constitution, without an appropriation no money can be drawn from the treasury. . ."

From the above, we think it becomes evident that your question must be answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_
Glenn R. Lewis
Assistant

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN

GRL:N

APPROVED AUG 11, 1939
_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS